FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 02 2019 ★
BROOKLYN OFFICE

Leytman v. TSA, 17-CV-4455
To
Magistrate Judge Lois Bloom
Presiding Judge William F. Kuntz

Motion to reconsider final Judgment.

Please, be advised of the following:

1. The only thing I said with certainty in my Statement of Claim is the fact that I was harmed.
2. Since I was sure that my identity was unknown, initially I concluded that the TSO who harmed me is mentally ill having irrational urges that are beyond of his own control and therefore responsibility for the wrongful act falls squarely on TSA /USA.
3. After reviewing the footage of the incident I found conspicuous evidences that the TSO was apparently instructed to target me as a (potential) suspect and his supervisor closely monitored the search with both of them were probably troubled by fear for their own safety.
4. By dismissing the case with prejudice you inadvertently protected someone on top of a ladder who, I think, sent through a chain of command that sickeningly disturbing order in retaliation for an insulting joke I made in his regard. It doesn't appear it should serve a purpose of yours (and of Dara Olds as well as an overwhelming majority of TSA employees on the field at JFK Airport).
5. In most recent development on August 30, 2019 US Court of Appeals stated: "The words of the proviso dictate the result: TSOs are "officer[s] of the United States" empowered to "execute searches" for "violations of Federal law."" (See Pellegrino v. Transportation Safety Administration, No. 15-3047 (3d Cir. 2019)).
6. TSA is a separate entity with its own legal department at a unique address and as much is a component of DHS as any federal agency is a part of Executive Branch of US Government. Therefore, TSA can be distinguished from the federal agency exactly the same way any federal agency can be distinguished from United States.
7. This claim is not cognizable under section 1346(b) of 28 U.S. Code due to provisions of chapter 171 of that Code, specifically, 2680(a) and 2680(h). Therefore, my suit was filed properly as 2679(a) is not applicable.
Therefore, I respectfully ask to reopen the case in order to get to the bottom of what really underlay the incident.

*[signature]* 9/30/19

Eduard Leytman

Copy emailed to Defendant

Attn. Pro se Office
US District Court
225 Cadman PL East
Room 1185
Bklyn NY 11201