MANDATE

18-3859
Leytman v. U.S. Dep't of Homeland Sec. Transp. Sec. Admin.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty.**

**PRESENT:**
> **RALPH K. WINTER,**
> **PETER W. HALL,**
> **RICHARD J. SULLIVAN,**
> > *Circuit Judges.*

_____

Eduard Leytman,
> *Plaintiff-Appellant*,

v.  18-3859

United States Department of Homeland Security Transportation Security Administration,
> *Defendant-Appellee*.

_____

MANDATE ISSUED ON 05/19/2020

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | EDUARD LEYTMAN, *pro se*, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLEE:** | Dara A. Olds, Assistant United States Attorney *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this summary order.

Appellant Eduard Leytman, proceeding *pro se*, appeals the district court's judgment dismissing his Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, complaint for lack of jurisdiction. Leytman alleged that a Transportation Security Administration ("TSA") agent injured him during a screening at John F. Kennedy International Airport. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review *de novo* the dismissal of a complaint for lack of jurisdiction. *Lefkowitz v. Bank of New York*, 528 F.3d 102, 107 (2d Cir. 2007). Dismissal of a complaint for lack of subject matter jurisdiction is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Generally, "the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." *Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010). The FTCA, however, waives that immunity with respect to certain tort claims. 28 U.S.C. § 1346(b); *see also FDIC v. Meyer*, 510 U.S. 471, 477 (1994). Any FTCA claim must be alleged against the United States, not a specific United States agency. *Meyer*, 540 U.S. at 477; *see also Rivera v. United States*, 928 F.2d 592, 608–09 (2d Cir. 1991) (holding that FTCA claims against a federal agency were properly dismissed for lack of jurisdiction, but remanding FTCA claims brought against the United States).

Here, the district court concluded correctly that the TSA was not the proper defendant on the FTCA claim and that the complaint should have been brought against the United States. *Rivera*, 928 F.2d at 609. Nevertheless, rather than

grant Leytman leave to amend his complaint for the purpose of correcting this pleading error, the district court proceeded to consider whether, even assuming the United States was properly named as a party, the court would have jurisdiction under the FTCA. The district court answered this question in the negative, concluding that the intentional tort exception to the FTCA applied to Leytman's claim and that TSA agents do not satisfy the FTCA's so-called law enforcement proviso. Although we agree with the district court that Leytman's claim falls within the intentional tort exception, it is unclear, on the sparse record before us, whether jurisdiction lies under the FTCA's law enforcement proviso. We therefore vacate the district court's order and remand for further proceedings, which may include an opportunity for Leytman to amend his complaint. *See, e.g., Brennan v. Nassau Cty.*, 352 F.3d 60, 65 (2d Cir. 2003).

The FTCA explicitly avoids waiving sovereign immunity for "any claim arising out of assault, battery," and several other intentional torts. 28 U.S.C. § 2680(h); *see also Millbrook v. United States*, 569 U.S. 50, 52 (2013). Because the alleged incident occurred in New York, the substantive tort law of New York applies to Leytman's claims. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) ("The source of substantive liability under the FTCA is the law of the

4

State." (internal quotation marks and alterations omitted)). The district court correctly determined that Leytman's claims arose out of either assault or battery under New York law because those claims were based on the TSA agent's having allegedly hit and touched him without consent. *See Bastein v. Sotto*, 749 N.Y.S.2d 538, 539 (2d Dep't 2002) ("To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact. To recover damages for battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent."). Although Leytman argues on appeal that the agent's conduct may not have been "intentional" and therefore does not fall within the intentional tort exception, we have clearly held that a plaintiff cannot "cloth[e] assault and battery actions in the garb of negligence" to avoid the FTCA intentional tort exception. *See Johnson by Johnson v. United States*, 788 F.2d 845, 850 (2d Cir. 1986); *but see Sheridan v. United States*, 487 U.S. 392, 401–02 (1988) (holding that the Government may be held liable under the FTCA where it negligently allowed a foreseeable assault and battery to be committed by a federal employee).

The district court held that this conclusion was fatal to Leytman's case

because the law enforcement proviso—an exception to the intentional tort exception—does not apply to Leytman's claims. The FTCA expressly allows for intentional tort claims, including assault and battery, that are based on the conduct of "investigative or law enforcement officers" (the "law enforcement proviso"). 28 U.S.C. § 2680(h); *see also Millbrook*, 569 U.S. at 52–53. The FTCA defines investigative or law enforcement officers as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). There are two types of TSA agents: (1) "security screening personnel," who conduct searches of "all passengers and property," *see* 49 U.S.C. § 114(e) (stating that the Administrator shall hire security screening personnel), 49 U.S.C. §§ 44901, 44935(f) (describing screening process and screener qualifications); and (2) "law enforcement personnel," who are additionally authorized to carry firearms, seize evidence, and make arrests, *see* 49 U.S.C. § 114(p) (stating that the Administrator may designate TSA employees to serve as "law enforcement officer[s]" with such powers), 49 U.S.C. §§ 44901(h), 44903 (the Administrator shall deploy and authorize certain officers to have such powers).

As other circuit courts have noted, whether the TSA agent in question was

a screener or a law enforcement officer may have an impact on the law enforcement proviso analysis. *Compare Pellegrino v. U.S. Transp. Sec. Admin., Div. of Dep't of Homeland Sec.*, 937 F.3d 164, 170–72 (3d Cir. 2019) (en banc) (holding that both TSA screeners and law enforcement officers fall within the proviso), *with id.* at 190–93 (Krause, J., dissenting) (arguing that only TSA law enforcement officers fall within the proviso), *and Corbett v. Transp. Sec. Admin.*, 568 F. App'x 690, 700–01 (11th Cir. 2014) (per curiam) (holding that TSA screeners are not "officers" subject to the proviso).

The present record is insufficient to establish whether the TSA agent in question was a screener or a law enforcement officer within the meaning of federal airport security laws. Rather than address in the first instance how the differing definitions and duties of TSA screeners and TSA law enforcement officers may affect the resolution of this dispute, if at all, we think it best to vacate the district court's judgment and remand for further proceedings which may also include, *inter alia*, discovery focused on the roles of the TSA employees alleged to have been involved. *See, e.g.*, *Brennan*, 352 F.3d at 65 (remanding for further development of the factual record); *Topps Chewing Gum, Inc. v. Fleer Corp.*, 799 F.2d 851, 858 (2d Cir. 1986) (declining to "render an advisory opinion on a hypothetical question" and

noting that the court "could simply remand" for further proceedings).

Finally, although we express no opinion on the merits of Leytman's claim, we note that "a claim of this sort is best made with the assistance of counsel," and we therefore urge that the district court consider appointing counsel for Leytman on remand. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 476 (2d Cir. 2006) (per curiam); *see also Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986) (listing factors to be considered by district courts in deciding whether to exercise their discretion to appoint counsel pursuant to 28 U.S.C. § 1915).

The judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit