UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDUARD LEYTMAN,

                Plaintiff,

          -against-

TRANSPORTATION SECURITY
ADMINISTRATION,

                Defendant.
-----------------------------------------------------------x

**ORDER ADOPTING REPORT & RECOMMENDATION**

17-cv-4455 (NRM) (MMH)

NINA R. MORRISON, United States District Judge:

      Plaintiff Eduard Leytman, now proceeding *pro se*, brings this action against Defendant Transportation Security Administration ("the TSA") under the Federal Tort Claims Act ("FTCA"), alleging that he was assaulted and battered during a pat-down screening by a Transportation Security Officer ("TSO") working for the TSA at John F. Kennedy Airport on February 1, 2017. Amended Compl., ECF No. 11 (Dec. 6, 2017). He also asserts that the TSA violated the Freedom of Information Act ("FOIA") by allegedly refusing to produce video documentation of the alleged assault and battery. *Id.* On March 31, 2025, the Hon. Magistrate Judge Marcia M. Henry issued a Report and Recommendation, recommending that the Court deny Defendant's motion to dismiss, grant Defendant's motion for summary judgment, and dismiss Plaintiff's FOIA claim as moot. Report and Recommendation ("R&R"), ECF No. 133.

      As to Defendant's motion to dismiss, Judge Henry recommended that the

1

motion be denied because the TSO who conducted the pat-down falls within the "investigative or law enforcement officers" proviso of 28 U.S.C. § 2680(h) and, therefore, sovereign immunity does not bar Plaintiff's suit against the TSA.  R&R at 9–20.  As to Defendant's motion for summary judgment, Judge Henry recommended (1) that Plaintiff's FOIA claim be dismissed as moot because the TSA produced the video in question during discovery, *id.* at 4 n.3; (2) that Plaintiff's assault claim be dismissed because no genuine dispute exists as to the fact that Plaintiff was not in fear of imminent contact by the TSO, *id.* at 20–22; and (3) that Plaintiff's battery claims be dismissed because no genuine dispute exists as to the fact that Plaintiff consented to the pat-down at issue.  *Id.* at 22–23.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "[A]ny party may serve and file written objections to such proposed findings and recommendations [of the magistrate judge,]" at which point the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*; *see also* Fed. R. Civ. P. 72(b)(3) (providing the procedure for resolving objections to reports and recommendations).  As to the sections of the R&R to which no objections are received, the Court reviews the magistrate judge's decision for "clear error."  Likewise, "when [a] party makes only conclusory or general objections, or simply reiterates [their] original arguments, the district court reviews the Report and Recommendation only for clear error."  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation modified)

2

(citation omitted); *see also id.* ("[This] principle is applied when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation modified) (citation omitted)).

Plaintiff timely filed eight objections to the R&R on April 1, 2025, all of which were addressed to that portion of the R&R which recommended granting the TSA's motion for summary judgment on Plaintiff's assault and battery claims. ECF No. 134. No objections to the R&R were received from the TSA.

First, no objections were received as to the sections of the R&R concerning Defendant's motion to dismiss. The Court has thus reviewed for clear error Judge Henry's recommendations regarding 28 U.S.C. § 2680(h) and the R&R's finding that the "investigative or law enforcement officers" proviso applies to the TSO in this case, thus constituting a waiver of sovereign immunity by the United States. Having found no error in Judge Henry's thoroughly reasoned conclusions, the Court adopts them in their entirety.

Second, the Court construes the objections filed by Plaintiff liberally in light of his *pro se* status. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (noting the "well-worn precedent concerning a district court's obligation to liberally construe pro se submissions"). Plaintiff appears to raise three categories of objections to the recommendation that the Court grant Defendant's motion for summary judgment: (1) that the video footage produced by the TSA during discovery was "altered" or "doctored," meaning that his FOIA claim is not moot because he did

3

not received the footage he requested (objections 2, 4, and 6); (2) that Judge Henry erred in concluding that he consented to the TSA pat-down (objections 5 and 6); and (3) that the R&R rests on evidentiary and discovery errors (objections 1, 3, 7 and 8). ECF No. 134.

Upon review of Plaintiff's objections, the Court has conducted a *de novo* review of the applicable sections of the R&R, the parties' original submissions on Defendant's motion for summary judgment, and the underlying record, including Plaintiff's deposition testimony and the video footage of the incident in question. The Court agrees with Judge Henry that the TSA is entitled to summary judgment on both Plaintiff's assault claim and his battery claim and adopts the R&R in its entirety.

Plaintiff's FTCA claims ultimately hinge on two differing accounts of the TSA pat-down screening Plaintiff experienced. Plaintiff vividly retold the interaction from his memory at his deposition, stating

> I remember he started the search very roughly, and he was causing me pain in my groin area. I assumed he was hitting me, delivering strikes, blows to my groin. I believe he did like at least four to five times when I was standing up front. Before he turned me around he put the palm on my genitals and pressed on it and held his hand against my -- against it for two or three seconds. When he turn around and continued hitting me from the back and I remember I was trying to stretch my body to get away from this, but I wasn't successful.

ECF No. 141-1 at 33:22–34:10 (Sep. 15, 2025).

However, the video footage containing a contemporaneous recording of the TSO's pat-down of Plaintiff is starkly different from his recollection. That video, submitted as Exhibit C to the Declaration of Dara A. Olds dated December 14, 2022, ECF No. 121-3, is clear, in focus, continuous, and in color. It shows Plaintiff calmly

4

speaking with TSO Bowles — who conducted the pat-down — before it began and then documents how the TSO smoothly ran his hands, palm open, across Plaintiff's pants, always remaining over Plaintiff's clothing. It does not depict any punches or strikes upon Plaintiff, nor any instance in which TSO Bowles pressed or lingered his hands over Plaintiff's groin area. Nor does it show Plaintiff exhibiting any pain, fear, or distress in the moment. The video shows virtually all the passengers arriving through this TSA screening area before and after Plaintiff being subjected to identical pat-downs.

Moreover, Judge Henry specifically acknowledged Plaintiff's contention that the pat-down occurred in a way that "is significantly different from what it shows on [the] video[]," but found that "Plaintiff does not present any competent evidence that supports this allegation." R&R at 23. This Court agrees.

The Court does not have any reason to doubt that Plaintiff may remember the encounter with TSO Bowles quite differently than what is depicted on the video footage, and that the version of events he provided at his deposition more than three years after the fact was based on his recollection. However, he has produced no evidence to support his allegation that the video footage produced by the TSA was somehow adulterated, and the video contradicts Plaintiff's version of events so thoroughly that no reasonable jury could credit his recollection. Defendant is accordingly entitled to summary judgment. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should

not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation dated March 31, 2025 in its entirety. Defendant's motion to dismiss is <u>denied</u> in its entirety, Defendant's motion for summary judgment is <u>granted</u> in its entirety, and Plaintiff's Freedom of Information Act claim is <u>dismissed as moot</u>. The Clerk of Court is respectfully directed to enter judgment and close the case.

A copy of this Order is being served on all parties via ECF because Plaintiff consented to electronic notifications of court orders. ECF No. 129 (Dec. 28, 2023). Out of an abundance of caution, the Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff at the mailing address of record.

SO ORDERED.

       */s/ Nina R. Morrison*
       NINA R. MORRISON
       United States District Judge

Dated:    September 30, 2025
           Brooklyn, New York